**V. E. BARNES, Commissioner, Department of Economic Security, Appellant,**

v.

**Joan C. ADAMS, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

Rehearing Denied Nov. 1, 1957.

Paul E. Tierney, Samuel H. Cole, Frankfort, for appellant.

G. B. Johnson, Jr., Ashland, for appellee.

WADDILL, Commissioner.

This proceeding was submitted to the Franklin Circuit Court on an agreed statement of facts, pursuant to KRS 418.020. The crucial question presented for determination is whether the Commissioner of the Department of Economic Security can authorize the payment of a salary from public funds to an employee, who is on leave of absence from her regular duties, for the purpose of attending school.

Joan C. Adams, who holds a bachelor of arts degree, has been employed by the Department of Economic Security of this Commonwealth since 1951. She recently applied for "leave, with pay" in order that she may attend college and better qualify herself to perform the duties and services she renders for the Commonwealth in the field of social service. The Commissioner of the Department of Economic Security advised Joan Adams that he would grant her a leave of absence, but that he would not approve her request for "leave, with pay" while she was attending school for a year in the absence of court approval of the matter.

Whereupon, this proceeding was filed and the circuit court held that the Commissioner could lawfully approve the expenditure of public funds for the purpose of paying the salary of Joan Adams while she was on "educational leave." However, the circuit judge limited his ruling to the "specific facts and parties in this case."

We must reverse the judgment because sections 3 and 171 of our State Constitution prohibit the expenditure of public funds for private purposes. We concede that Joan Adams would be benefited by her attendance at school. Nevertheless, the benefit the people of this Commonwealth would reap from this particular venture would be so exceedingly remote it would be unreasonable to hold that the expenditure is for a "public purpose" within the meaning of sections 3 and 171 of our Constitution.

Wherefore, the judgment is reversed with directions to the circuit court to enter a judgment in accordance with this opinion.